UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

D-6: FATEMA DAHODWALA

    Defendant.

Case No. 17-cr-20274
Hon. Bernard A. Friedman

_____

**DEFENDANT FATEMA DAHODWALA'S SECOND REQUEST AND NOTICE IN COMPLIANCE WITH THE COURT'S STANDING ORDER FOR DISCOVERY AND INSPECTION**

    In compliance with this Court's Standing Order for Discovery and Inspection Defendant, FATEMA DAHODWALA, through her attorney, Brian M. Legghio, of the Law Offices of Brian M. Legghio, provides the Government with the following requests and notices:

    1.    Any relevant oral, written or recorded statement made by Defendant (before or after her arrest) in response to questioning or interrogation by someone known to Defendant as a Government agent, if the Government intends to use this statement at trial, if this statement is within the Government's possession, custody, or control, and if the attorney for the Government knows - or through

due diligence could know - that the statement exists. This includes any recorded testimony of the defendant before a grand jury relating to the charged offense;

2. A copy of Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows - or through due diligence could know - that the record exists;

3. Permission to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if the item is within the Government's possession, custody, or control and the item is material to preparing the defense; the Government intends to use the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant. This includes copies of all search warrants, search warrant applications, return to search warrants, as well as copies of all Title III wiretap interception orders and applications, and the fruits therefrom;

4. Permission to inspect and to copy or photograph the results or reports of any physical or mental examination and of any

      scientific test or experiment if the item is within the Government's possession, custody, or control; the attorney for the Government knows - or through due diligence could know - that the item exists; and the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial.

5. A written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the Government requests discovery under subdivision (b)(l)(C)(ii) and the defendant complies, the Government must, at the defendant's request, give to the defendant a written summary of testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

6. Any exculpatory evidence within the meaning of the "Standing

Order", paragraph l(b), and/or *Brady v. Maryland,* 373 U.S (1963) and *United States v. Agurs,* 427 U.S. 97 (1976).

7. Any statement by persons who have possible knowledge or information relative to this case which are not protected from disclosure by 18 U.S.C. § 3500.

8. Any statement of witnesses within the meaning of 18 U.S.C. § 3500(e).

9. Notice is hereby given pursuant to the " Standing Order", paragraph S(b), that the foundation for any and all exhibits will be contested.

10. Notice is hereby given pursuant to the "Standing Order", paragraph 6, that the chain of custody of any and all exhibits will be contested.

11. All requests for information, materials or evidence contained hereby are continuing and the prosecution is expected to immediately provide any additional information, materials or evidence as required by the "Standing Order", paragraph 3, and/or Rule 16(c) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal

4

Procedure, Defendant requests permission to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places that are within the government's possession, custody or control and that meet the requirements set forth in the rule; including but not limited to, the full disclosure of all Title III intercepted conversations of the Defendant, and/or any alleged co-conspirator, including full identity of each participant which counsel contends are "items" "obtained from …the defendant", pursuant to Rule 16(E)(iii).

The defendant further requests copies all Applications, Affidavits, Reports, and Orders (including extensions and unsealing orders) pertaining to any and all Title III wire interceptions; as well as any and all Affidavits, Search Warrants and Returns pertaining to or relating to this investigation.

13. Notices contained herein will remain in effect unless expressly withdrawn.

                                      Respectfully Submitted:
                                      /s/ Brian M. Legghio
                                      Brian M. Legghio (P29658)
                                      134 Market Street
                                      Mt. Clemens, MI  48043-1740
Dated: July 18, 2017             blegghio@legghiolaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 18, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ Valerie A. McEachin
                                        Valerie A. McEachin/Legal Assistant
                                        134 Market Street
                                        Mt. Clemens, MI 48043
                                        assistant@legghiolaw.com