# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs

D-6: FATEMA DAHODWALA

      Defendant.

Case No. 17-cr-20274
Hon. Bernard A. Friedman

---

## DEMAND FOR DISCLOSURE OF EXCULPATORY EVIDENCE

NOW COMES the Defendant, FATEMA DAHODWALA, by and through her attorney, Brian M. Legghio of the Law Offices of Brian M. Legghio and demands of the Government disclosure of all information of whatever form, source, or nature which tends to exculpate the Defendant whether through an indication of her innocence or through the potential impeachment of any Government witness. This request includes all facts and information of whatever form, source, or nature which the Government attorneys or their assistants, Government law enforcement agencies and State Government agencies, have or know about, or which by the exercise of due diligence may become known, which is or may be calculated to become of benefit to the Defendant either on the merits of the case, the merits of the

defense, or the question of the credibility of witnesses.

## SPECIFIC REQUESTS

Pursuant to the mandate of *United States v Agurs,* 427 U.S. 94 (1976), the Defendant makes specific requests for exculpatory material. The term "statement as used in these specific requests includes all oral, written, or recorded statements. It includes, but is not limited to, grand jury testimony; F.B.I. reports, reports or memorandums of any state or federal law enforcement or prosecutorial agency; the Michigan Child Protective Services Agency; and reports or memorandums of any private person or organization. The request includes statements and information within the care, custody and control of the Government, statements and information known to the Government, and statements and information which may become known by the exercise of due diligence.

    Defendant demands of the Government the following exculpatory information:

1. The statement of any person that would establish, or tend to establish, that Defendant, Fatema Dahodwala did not knowingly conspire to commit female genital mutilation.

2. The statement of any person that would establish, or tend to

establish, that Defendant, Fatema Dahodwala did not knowingly cause or aid and abet female genital mutilation.

3. The prior criminal history of any witness the Government intends to call in its case- in-chief.

4. Any evidence of drug or alcohol ingestion or dependency by any witness the Government intends to call in its case-in-chief.

5. Any evidence of psychiatric hospitalization, psychiatric treatment or mental disease, defect or disorder of any witness the Government intends to call in its case-in-chief.

6. A full and complete statement of all promises, considerations, rewards, or inducements made by the Government, its prosecutors, its agents, or its agencies, to induce or encourage the testimonial cooperation of any witness to be called by the Government in its case-in-chief.  This request includes criminal, tax or civil immunity, assistance in any criminal, tax civil or administrative legal dispute with the Federal Government, State Government, or private parties, consideration regarding potential forfeiture of assets or potential tax assessments, liens, and levies, and all other

considerations made by the Government to a witness which could generate or reveal a bias in favor of the Government.

7. Any evidence in the possession of the Government which would tend to prove a bias or motive by any witness the Government intends to call in its case-in-chief.

8. Any and all threats of prosecution or any statements regarding the potentiality of penal liability made to any witness that the Government intends to call in its case-in-chief, by an agent or employee of the Government or by any State law enforcement official or State Agency, by any prosecutorial agency working with the Government.

9. A full and complete statement of any and all crimes regarding which there has been no conviction but regarding which the Government has information of the witness' involvement, irrespective of whether or not these crimes are the subject to any explicitly promises, rewards, or inducements by the Government to the witness.

10. The name and address of every witness who was displayed

photographs or the corporeal person of the defendant in an attempt to elicit identification testimony and who failed to positively identify the defendant, along with any and all reports, memoranda or statements reflecting this identification attempt as well as any and all photographs or documents used in the display.

11. A full and complete list of any and all payments made to any witness whom the Government intends to call in its case-in-chief, from any Government agency, regardless of whether or not these payments were rewards, fees, expense payments, or security payments.

12. Any evidence which may be used to impeach a witness at the trial of the above- captioned matter, particularly, but not exclusively, inconsistent statements of a witness or between witnesses.

                Respectfully Submitted:

                /s/ Brian M. Legghio
                Brian M. Legghio (P29658)
                134 Market Street
                Mt. Clemens, MI  48043-1740
                blegghio@legghiolaw.com

Dated: July 18, 2017

CERTIFICATE OF SERVICE

    I hereby certify that on July 18, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                  /s/ Valerie A. McEachin
                                  Valerie A. McEachin/Legal Assistant
                                  134 Market Street
                                  Mt. Clemens, MI  48043
                                  assistant@legghiolaw.com