## UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATES OF AMERICA,                         Case No. 17-20274

            Plaintiff,                              Hon. Bernard A. Friedman

v.

D-1 JUMANA NAGARWALA
D-2 FAKHRUDDIN ATTAR
D-3 FARIDA ATTAR
D-4 TAHERA SHAFIQ
D-5 FARIDA ARIF
D-6 FATEMA DAHODWALA

            Defendant.

_____

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Defendant Farida Attar, through her counsel, Matt Newburg, requests this Court deny the Government's Motion for Protective Order and enter the order attached hereto as Exhibit A. In support of her Motion, Dr. Attar states the following:

On August 8, 2017 Dr. Attar filed a motion to compel discovery [Doc. 125]. Specifically, the motion requested that "this Court order the Government provide copies of the entire medical file which includes the video and any photographs

1

reviewed by the physicians who assisted in the diagnoses for all the complainants related to this case and not just those listed in the indictment." (Doc. 125, Page ID #850). On August 29, 2017, the Court granted Dr. Attar's motion with conditions to protect against the dissemination of materials, but the Court did not limit the information sought in Dr. Attar's motion.

That same day, the Government provided defense counsel with a proposed protective order. Undersigned Counsel objected to the proposed order and indicated to the Government that the proposed order is not reflective of this Court's ruling on August 29, 2017. In response to the Government's proposed order, Undersigned Counsel provided to the Government a proposed order that is more reflective of the Court's August 29, 2017 ruling. The following morning, on August 30, 2017, the Government filed its Motion for Entry of a Protective Order.

The Government's proposed protective order does not comport with this Court's ruling for a number of reasons.  First, this Court never indicated that defense counsel were to receive a limited number of examinations. In paragraph six of the Government's proposed order, the Government indicates it plans to only provide defense counsel with video and photographs obtained during the

anogenital examinations of MV-1, MV-2, MV-3, MV-4, MV-5 and MV-6.[1] Notably, however, the Court's ruling did not limit the disclosure to these six individuals. Instead, this Court granted Dr. Attar's motion in its entirety, and Dr. Attar's motion sought disclosure of the entire medical file, which includes the video and photographs generated during the anogenital examinations reviewed by the physicians who assisted in the diagnoses **for all the complainants related to this case and not just those listed in the indictment**. The reasons Dr. Attar sought disclosure pertaining to all the complainants, and not just those listed in the indictment, are contained in her motion and supporting brief to compel. This Court did not place the limitations of disclosure contained in paragraph 6(a) of the Government's proposed order and does not reflect the Court's ruling.

Second, the Court did not prohibit defense counsel from sharing the photos and videos of the anogenital examinations with its own legal assistants or other employees assisting in defense preparation. Paragraph 6(c) of the proposed protective order, however, provides, in part, "The Colposcope Evidence may not be shared with defense counsel's legal assistants or other employees assisting in defense preparation." This statement was not made by the Court and does not

---

[1] The government does not have the anogenital examination videos and photographs in its possession for MV-1 and MV-2, leaving only MV-2, MV-3, MV-4, MV-5 and MV-6 to be disclosed to counsel.

3

accurately reflect this Court's ruling on Dr. Attar's motion and should not be contained in an order pertaining to Dr. Attar's motion to compel.

Third, the Court did not require the evidence be viewed on a computer that is not connected to the internet, nor did the Court require the evidence only be viewed on a computer belonging to defense counsel as indicated in paragraphs 6(e) and (f) of the Government's proposed orders. Instead, the Court prohibited defense counsel from sharing the contents via a server, internet or other internet sharing device. The Court's ruling on this issue is correctly stated in paragraph 6(d) of the Government's proposed protective order.

Fourth, paragraph 6(g) was not ordered by the Court. The Court did not order that defense counsel was to keep a log of the people to whom they have shown the Colposcope Evidence, nor did the Court say defense counsel must provide the list of those individuals to the Court upon its request. In the Government's proposed order, there is no indication as to who can make the "request" to have the list of names provided to the Court, and the Court did not require such a list when it ruled on Dr. Attar's motion.  Again, this paragraph does not reflect this Court's ruling on the motion, and Undersigned Counsel objects to its inclusion in the protective order.

## CONCLUSION

Because the Government's proposed protective order does not comport with this Court's ruling, Dr. Attar respectfully requests that this Honorable Court enter the proposed protective order attached to this response as Exhibit A.

Respectfully Submitted,

/s/ *Matt R. Newburg*
Matt R. Newburg
Newburg Law, PLLC
316 Taylor St.
Grand Ledge, MI 48837
Tel: 517-505-2323
matt@newburglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

SARA D. WOODWARD
AMY MARKOPOULOS
MALISA CHOKSHI DUBAL
Assistant United States Attorneys

/s/ MATTHEW R. NEWBURG
MATTHEW R. NEWBURG (P71692)
Attorney for Defendant Farida Attar
316 Taylor St.  Grand Ledge, MI 48837
Phone: (517) 505-2323
Email: matt@newburglaw.com

5